## KELLEY, Exr. v TALIFER et

Ohio Appeals, 2nd Dist, Shelby Co.

No. 117. Decided April 8, 1940.

H. S. Vaubel, Wapakoneta, for plaintiff-appellee.

L. M. Winget, Sidney and H. E. Beery, Sidney, for defendants-appellants.

### OPINION

By GEIGER, J.

This matter is before this court upon an appeal from the order and judgment of the Court of Common Pleas of Shelby County.

The petition recites, so far as the matters relate to the question at issue, that the plaintiff-executor is in doubt as to the meaning and effect of the provisions of the will, especially the residuary clause. The will contains the clause:

"Any and all other property of which I may die seized is to be divided equally among my surviving children."

It is asserted that the question arises as to whether, under this clause. the property is to be divided equally among the children of the testator who survived him or whether in said distribution the heirs at law of a child of the testator who died after the execution of the will and before the death of testator, should participate in said division, and whether the heirs at law of two chldren who died prior to the execution of the will and prior to the death of the testator, should participate.

Five individuals are named as the children of the decedent; one of the defendants is the only child of John Glynn, a son of the testator, who died on the second day of April, 1937, after the execution of the will and before the death of the testator: the other named defendants are the only children and heirs at law of a daughter of Martin J. Glynn who died on the 22nd day of September, 1911, prior to the execution of the will and of the death of the testator; six other defendants named are the only children of Ellen Glynn McGreevy, a daughter of the testator who died on the 12th of October, 1919, prior to the execution of the will and prior to the death of the testator.

The last will is attached and need not be detailed at length. It recites that Martin Leonard Glynn, ninety-two years of age, made the will; that by the third item he bequeathed to his son, John, $1000.00; to his daughter, Mary Glynn Talifer. $1000.00; to his two grandchildren, children of his daughter, Margaret, deceased, the sum of $500.00 each; to his daughter, Sarah Sanzenbacher, the sum of $1000.00; to seven grandchildren, the children of Ellen Glynn McGreevy, the sum of $200.00 each; to his daughter, Emma Glynn Kelley, the sum of $1000.00; to his son Arthur Glynn, the sum of $200.00 less $100.00, which goes to the testator; to his son, Albert Glynn, certain real estate in fee simple. He further devised to his son Albert, certain

real estate upon certain named conditions as to payment to his four other children of a total sum of $833.33 to be divided among the last four named children, the said sum to be in addition to the bequests formerly mentioned. At the end of the long paragraph making up the third item of the will with the bequests above enumerated, he provides:

"Any and all other property of which I may die seized, is to be divided equally among my surviving children."

Seven defendants, Irma DeBrosse and six others, file a joint answer making formal admissions and alleging that the intent and meaning of the testator was that the residue of said estate be divided equally among the children of the testator or their legal representatives and that those children which predeceased the testator, or their legal representatives, whether they died prior to the making of the will or thereafter, are each entitled to the share which the child would have taken had he survived the testator. These answering defendants admit that Mary Glynn Talifer and four others are children of the decedent surviving him; that Lester J. Glynn is the only heir of John Glynn, a son of the testator, who died after the execution of the will but before the death of the testator. They admit that Martin Leonard and Blanche Shappie are the children of Margaret Glynn Leonard, a daughter of the testator who died on the 22nd of September, 1911, prior to the execution of the will and the death of the testator; they admit that Irma DeBrosse and four others are the only children of Ellen Glynn McGreevy, a daughter of the testator who died on the 12th of October, 1919, prior to the execution of the will and the death of the testator. These answering defendants pray that the court proceed to construe the will, etc.

A joint answer is filed by Sarah Sanzenbacher and three others (four of the five surviving children), in which they make certain formal admissions and in which it is alleged that at the time of the execution of the will, de-

cedent made a specific devise to each of his heirs living at that time and then bequeathed the residue of his estate to his "surviving children" and that his only "surviving children" at the time of his death were the four then answering and that the true intent of the testator was to give specific property to each of his children and grandchildren living at the time of the execution of the will with the residue to such of his "children" as survive him at the time of his death and that there were but five persons coming within the class of surviving children that are entitled to share in the residue at the time of the death of the testator. They admit that John Glynn, a son, died on the 2nd day of April 1937, and that the defendant, Lester, is his only child. They pray for construction of the will.

There was an agreement among all that the matter should be heard and decided by the court. The court rendered a comprehensive opinion, which was journalized, to the effect that the defendant, Lester J. Glynn, is entitled to be paid the bequest made to his father, John, the father having died prior to the death of the testator and that he is further entitled to one-fourth of the $833.33 which the testator required his son, Albert, to pay to John and three others; that Martin Leonard and Blanche Shappie, grandchildren, are each entitled to be paid their specific bequests and neither is entitled to receive any part of the property disposed of by the residuary clause; that the defendant, Irma DeBrosse and four others are entitled to receive the monetary bequests and none are entitled to any portion of the property disposed of by the residuary clause, that Mary Glynn Talifer and three others are entitled to receive the monetary bequests and that the defendant, Albert Glynn, is entitled to the land devised; that Mary Glynn Talifer, Sarah Sanzenbacher, Emma Glynn Kelley, Arthur Glynn and Albert Glynn, being surviving children of the testator, are each equally entitled to receive and be paid one-fifth of the property disposed of by the residuary clause.

Exceptions were reserved to those adversely affected.

Certain of the defendants enumerated gave notice of appeal from the finding of the court, made on December 20, 1939, as above indicated. The appeal is on questions of law and fact.

The rules governing the interpretation of wills have been so frequently stated that they need not be here elaborated. Suffice it to say that a cardinal rule is to give effect to the intention of the testator, to be ascertained from the language used as applied to the subject matter, read in the light of the surrounding circumstances at the time of the execution of the will.

The court should ascertain what the testator meant by the words used, but where the intention remains in doubt, resort must be had to settled rules of construction for aid in the solution of the difficulty.

In Item III the testator uses, with apparent understanding, words with well defined meanings such as "son", "daughter", "grandchildren", "fee simple", "my children", who are also designated "heirs". He provides that if any of my "heirs" contest the will "the heir" so contesting shall receive only one-half of the bequest, the other half to be divided equally among the other "heirs". Those who contest the will are properly designated as "heirs", because the testator is then dead.

The use of the words "is to be divided equally among my surviving children", gives rise to some uncertainty as to what testator meant under the circumstances then existing at the time he wrote the will.

The will was executed on the 2nd day of April, 1936. The testator had originally eight children. One daughter, Margaret Glynn Leonard, died on the 22nd day of September, 1911; another daughter, Ellen Glynn McGreevy, died on the 12th day of October, 1919, both prior to the execution of the will and each leaving children, grandchildren of the testator. John Glynn, his son, died on the 2nd day of April, 1937, leaving a son,

Lester J. Glynn, a grandson of the testator. The only "children" living at the time of his death were Mary Glynn Talifer, Sarah Sanzenbacher, Emma Glynn Kelley, Arthur Glynn and Albert Glynn.

Two of his daughters being dead at the time he made the will, did he mean by the use of the words "surviving children" those surviving the two deceased children who were living at the time the will was written? If this is the proper construction, then he intended to include his son John in the residuary clause. If, however, the survivorship relates to his own death, then John having predeceased him, was not included in the residuary clause. This matter is of importance as will hereafter appear.

**Renner v Williams, 71 Oh St 340,** holds that words of a survivorship prima facie refer to the time of the testator's death, because that is the time at which the property to be divided usually comes into enjoyment. If the enjoyment is postponed, the words of survivorship will relate to the latter period. There is no provison in this case as to the postponement of the enjoyment of the estate beyond the death of the testator so that under the authority of the above █ case the words of survivorship **prima facie** refer to the time of the testator's death. at which time five children only survived, John having died after the making of the will, but before the death of his father, leaving Lester his only son.

We have searched the will in our endeavor to determine whether the prima facie reference to the time of the testator's death can be overcome by any of the provisions of the will. We discover none.

Sec. 10504-73 GC, provides that when a devise is made to a child or other relative of the testator, if such child or other relative was dead at the time the will was made or dies thereafter leaving issue surviving the testator, in either case such issue shall take the estate devised as the devisee would have done if he had survived the testator.

It will be observed that the provisions of this statute do not operate except "when a devise of real or personal estate is made to a child or other relative of the testator." It follows that the right of the issue of █ the deceased child to take its parent's share of the estate is based upon the fact that the testator did, as a matter of fact, devise an estate to the deceased child. If he did devise an estate to the deceased child, then the issue of such deceased child would take its deceased parent's share under the will irrespective of whether such child was dead at the time the will was made or dies thereafter. However, the right of the issue of the deceased child to take is based upon the fact that a devise was in fact made to the deceased child of the testator.

We have carefully read the briefs and the cases cited by the appellees and are frank to say that there appears much in their argument that should induce us to take a different view of this matter, if the same were possible. We have examined the cases of **Wooley v Paxson, 46 Oh St 307; Shumaker v Pearson, 67 Oh St 330; Gale v Keys, 45 Oh Ap 61; Thatcher v Trislot, 52 Oh Ap 74,** and find them very interesting cases.

In the first cited case the court points out at length the mischief that was sought to be remedied by the passage of the statute and the second case. applies the provisions of the statute to a child who had died **before** the making of the will. All these cases are persuasive if they had related to circumstances such as here appear when a devise is **not** made to a deceased child or other relative. Counsel for appellees attempt to persuade the court that the view taken by them is the only fair treatment that can be afforded to the grandchildren of the testator whose parents died before the testator. We agree that this might afford a very convincing argument but for the lack

606

of the primal condition above alluded to.

In spite of our holding as to §10504-73 GC, in reference to the residuary clause, yet as to any specific bequest made in Item III to a parent who has died before the testator, the provisions would apply. We read the opinion of the court below to the effect that he has made application to such specific bequest, of the provisions of this section. He could not do more.

We arrive at the same conclusion as the court below, although perhaps by a different route.

Judgment affirmed. Cause remanded.

HORNBECK, PJ. & BARNES, J., concur.